The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Wanda Blanche Taylor and the arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the prior Opinion and Award. However, pursuant to its authority under G.S.97-85, the Full Commission has modified the Deputy Commissioners decision and enters the following Opinion and Award.
***********
The full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing on 17 November 1998 and in an Pre-Trial Agreement as:
 STIPULATIONS
1. All parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. Hartford Casualty Insurance Company is the insurance carrier for defendant-employer.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 11 September 1997.
4. Disability resulting from plaintiffs injury by accident began on 12 September 1997.
5. Defendants made payment of temporary total disability benefits to plaintiff at the rate of $512.00 per week beginning 12 September 1997 and continuing through 6 November 1997.
***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing on 17 November 1998, plaintiff was a 30-year-old male. Plaintiff was employed by defendant-employer as a maintenance supervisor. Prior to hiring plaintiff, defendant-employer had experienced safety problems and plaintiff was working towards bringing the facility up to code. During the period of his employment with defendant-employer, plaintiff received a letter of commendation for his work and was working at least 70 hours per week. Plaintiff had previously been employed doing a similar type of job for New Breed Leasing.
2. On 11 September 1997, plaintiff was instructed to erect a safety cable around a steel pit to prevent people from falling into it. Plaintiff had on a safety belt and while he was testing the cable, fell into the steel pit. The safety belt caught the plaintiff but his right shoulder, right hand and back between his shoulder blades were struck in the fall. Plaintiff was injured on the second shift while working overtime.
3. An Industrial Commission Form 60 Employers Admission of Employees Right to Compensation was received by the Commission on 6 November 1997.
4. On 12 September 1997, plaintiff presented to Preferred Medical Center and Urgent Care, where he was diagnosed with a cervical strain and placed on light duty. Plaintiff immediately returned to work and presented his medical papers to defendant-employer. At that time, plaintiffs employment was terminated with defendant-employer for the stated reason that plaintiff had engaged in "an unsafe act. There is no evidence that plaintiff engaged in an unsafe act as he was using appropriate safety equipment. Furthermore, there is no evidence that anyone else had ever been discharged for engaging in such an act. At no time did defendant-employer inform plaintiff as to the nature of his "unsafe act.
5. Plaintiff continued treatment with Preferred Medical Center for his cervical and right shoulder strain. Plaintiff was referred to Rehability on 24 September 1997, as his cervical spasms were now causing tension headaches.
6. On 20 October 1997, plaintiff presented again to Preferred Medical Center continuing to complain of pain and was given pain medication.
7. On 4 November 1997, plaintiff presented to Dr. Frank J. Rowan of Guilford Orthopaedic Sports Medicine Center, due to his cervical strain. Plaintiff was treated conservatively by Dr. Rowan and cleared for regular duty from an orthopaedic standpoint. Plaintiff underwent a MRI of the lumbar and cervical spine in early 1998, which showed degenerative changes in the L4-5 and L5-S1 region, as well as some spondylosis at C5-6. At that time, plaintiff was released with a 0% disability rating and it was the opinion of Dr. Rowan that plaintiff reached MMI for his neck, shoulder and back pain on 4 March 1998.
8. Plaintiff sought work from October 1997 until 10 December 1997 when he became employed with Sheps Towing. Plaintiff was unsuccessful in his attempts to obtain employment from October 1997 until 10 December 1997 and interviewed at AMP, Flav-o-Rich and New Breed Leasing. Plaintiff also mailed many resumes seeking other jobs.
9. Plaintiff was employed as a dispatcher with Sheps Towing from 10 December 1997 through 1 October 1998. Plaintiff earned $6.00 per hour and worked seven days per week for twelve hours per day while he was employed with Sheps Towing. Plaintiffs average weekly wage at Sheps Towing was $504.00.
10. Beginning on 2 October 1998 and continuing through the date of the hearing before the Deputy Commissioner on 17 November 1998, plaintiff has been employed at CIC as an assembly mechanic doing manufacturing work. In that position, plaintiff earned $13.00 per hour and worked 60 hours per week.
11. At the time of the hearing before the Deputy Commissioner on 17 November 1998, plaintiff continued to experience sharp pain in his upper back, shoulder, right arm and headaches. Plaintiff also experiences stiffness, discomfort between his shoulder blades and back and frequent headaches. Plaintiff went to a chiropractor in late October or early November 1998 located on High Point Road in Greensboro for these symptoms.
12. Plaintiff was paid temporary total disability benefits by defendants at the rate of $512.00 per week from 12 September 1997 through 6 November 1997. However, plaintiff did not return to work until 10 December 1997, and thus is entitled to additional temporary total disability benefits.
13. Defendants terminated plaintiffs benefits before plaintiff obtained employment and without obtaining an order from the Commission allowing termination of compensation.
14. On 12 September 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he sustained an injury to his back and right arm.
15. As a direct and proximate result of his 12 September 1997 injury by accident, plaintiff sustained disabling back and shoulder pain.
16. On 11 September 1997, plaintiff earned an average weekly wage of $877.10, yielding the 1997 statutory maximum compensation rate of $512.00.
17. As a direct and proximate result of his work-related injury by accident on 11 September 1997, plaintiff was unable to engage in physical activities required by his former job.
18. As a result of his 11 September 1997 injury by accident, plaintiff was unable to earn wages in his former position with defendant-employer or in any other employment from 12 September 1997 through 10 December 1997.
19. As a direct and proximate result of his 11 September 1997 injury by accident, plaintiff has had a diminished earning capacity from 10 December 1997 through the present and continuing.
20. From 10 December 1997 through 1 October 1998, plaintiffs average weekly wage was $504.00. Two-thirds of the difference between plaintiffs average weekly wage on 11 September 1997 of $877.10 and his average weekly wage during this period is $248.85.
21. From 2 October 1998 and continuing through the time of the hearing, plaintiffs average weekly wage has been $780.00. Two-thirds of the difference between plaintiffs average weekly wage on 11 September 1997 of $877.10 and his average weekly wage during this period is $64.77.
22. Before the Deputy Commissioner, plaintiff proceeded without the assistance of counsel. At the time of oral arguments before the Full Commission on 23 September 1999, plaintiff was still proceeding without the assistance of counsel. On 3 April 2000, plaintiff retained his current attorney who was to assist him with the obtaining of a second opinion regarding his permanent partial disability rating. Despite the retaining of counsel, no such opinion has been secured. Furthermore, the amount of benefits awarded to plaintiff by this Opinion and Award are no more than what was awarded by the Deputy Commissioner, so no additional compensation was secured on plaintiffs behalf by his new attorney. Accordingly, counsel for plaintiffs request for a fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff herein, which is supported by a submitted fee agreement which was signed by plaintiff, is found to be unreasonable based upon the amount and type of work performed and the results attained. Counsel for plaintiff will be permitted to submit an affidavit regarding the hours expended in this matter for the determination of a fair and equitable attorneys fee.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 11 September 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6).
2. As a direct and proximate result of plaintiffs work-related injury by accident on 11 September 1997, plaintiff sustained a back and shoulder injury and resulting disabling pain. Id.
3. As the result of his 11 September 1997 injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $512.00 per week for the period of 12 September 1997 through 9 December 1997. G.S. 97-29.
4. As the result of his 11 September 1997 injury by accident, plaintiff is entitled to be paid by defendants temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wage on 11 September 1997 and his average weekly wage during the period of 10 December 1997 through 1 October 1998. G.S. 97-30. Two-thirds of the difference between plaintiffs average weekly wage on 11 September 1997 of $877.10 and his average weekly wage of $504.00 for the period of 10 December 1997 through 1 October 1998 yields a compensation rate of $248.85. Id.
5. As the result of his 11 September 1997 injury by accident, plaintiff is entitled to be paid by defendants temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wage on 11 September 1997 and his average weekly wage for the period of 2 October 1998 through the date of the hearing before the Deputy Commissioner on 17 November 1998 and continuing, but subject to the statutory maximum period of 300 weeks. G.S. 97-30. Two-thirds of the difference between plaintiffs average weekly wage on 11 September 1997 of $877.10 and his average weekly wage of $780.00 for the period of 2 October 1998 through the date of the hearing before the Deputy Commissioner on 17 November 1998 yields a compensation rate of $64.77.Id.
6. As the result of his 11 September 1997 injury by accident, plaintiff is entitled to have defendants pay for all medical expenses incurred, including his Fall 1998 visit to the chiropractor. G.S. 97-25.
7. The Compromise Settlement Agreement submitted to the Industrial Commission by the parties was not fair or in the interest of justice and in the discretion of the Commission is not approved. North Carolina Workers Compensation Rules, Rule 502.
8. Plaintiffs fee agreement with attorney Daniel L. Deuterman is unreasonable based upon the amount and type of work performed and the results attained and is hereby SET ASIDE. G.S. 97-90. Counsel for plaintiff will be permitted to submit an affidavit regarding the hours expended in this matter for the determination of a fair and equitable attorneys fee.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies in part and affirms in part the Deputy Commissioners holding and enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation to plaintiff at the rate of $512.00 per week for the period of 12 September 1997 through 9 December 1997. This compensation has accrued and shall be paid in a lump sum to plaintiff.
2. Defendants shall pay to plaintiff temporary partial disability compensation to plaintiff at a rate of $248.75 per week for the period of 10 December 1997 through 1 October 1998. This compensation has accrued and shall be paid in a lump sum to plaintiff.
3. Defendants shall pay to plaintiff temporary partial disability to plaintiff at a rate of $64.74 per week for the period from 2 October 1998 and continuing, subject to statutory limit of 300 weeks. From the amounts which have accrued, plaintiff shall be paid in a lump sum.4. Defendants shall pay all medical expenses incurred by plaintiff as a result of his 11 September 1997 injury by accident.
5. Counsel for plaintiffs request for a fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff herein is unreasonable based upon the amount and type of work performed and the results attained and has been SET ASIDE.
6. Defendants shall pay the costs.
***********
 ORDER
Counsel for plaintiff shall submit to the Full Commission within thirty-days (30) of receipt of this Opinion and Award an affidavit regarding the hours expended in this matter for the determination of a fair and equitable attorneys fee.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER